UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANK L. RIZZO MONUMENT COMMITTEE,** : <br> : <br> *Plaintiffs,* : <br> : <br> : <br> v. : <br> : <br> **CITY OF PHILADELPHIA** : <br> and : <br> **MAYOR JAMES KENNEY** : <br> : <br> *Defendants.* : | Civil Action No. 2:20-cv-03245 |

**ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINS**

**AND NOW** on this _____ day of _____, 2020, upon consideration of the Verified Complaint in this matter and the Motion of Plaintiff for Temporary Restraining Order and Preliminary Injunction ("Motion");

**IT IS ORDERED** that Defendants show cause before this Court on the _____ day of _____, 2020 at _____ A.M./P.M. in Courtroom _____, or as soon thereafter as counsel can be heard, why a Preliminary Injunction providing the relief sought in the accompanying Motion should not be entered; and

**IT IS FURTHER ORDERED** that Defendants are hereby enjoined from destroying, altering or otherwise disposing of the Frank Rizzo Statue pending ruling by the Court on Plaintiff's request for a preliminary injunction;

**IT IS FURTHER ORDERED** that Plaintiff shall cause a copy of this Rule and Special Injunction Order, along with a copy of the Complaint and the aforesaid Petition and

accompanying papers, to be served upon Defendants at least five (5) days before the day of the hearing.

**BY THE COURT:**

_____
, U.S.D.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANK L. RIZZO MONUMENT COMMITTEE,** | : : | |
| *Plaintiffs,* | : : | Civil Action No. 2:20-cv-03245 |
| v. | : : | |
| **CITY OF PHILADELPHIA** and **MAYOR JAMES KENNEY** | : : : : | |
| *Defendants.* | : : | |

## ORDER

**AND NOW**, this _____ day of _____, 2020 upon consideration of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, it is hereby **ORDERED** and **DECREED**:

1. An injunction is necessary to prevent immediate and irreparable harm to Plaintiff that cannot be adequately compensated by damages;

2. Greater injury will result from refusing an injunction than from granting it, and an injunction will not substantially harm other interested parties in the proceeding;

3. A preliminary injunction will properly restore Plaintiff and Defendants to their status as it existed immediately before the alleged wrongful conduct;

4. Plaintiff is likely to prevail on the merits;

5. The instant injunction is reasonably suited to abate the offending activity;

6. A preliminary injunction will not adversely affect the public interest;

7. Plaintiff does not have an adequate remedy at law;

8. There is a legal contractual right to which Plaintiff is entitled;

2

9. There is a corresponding duty on the part of the Defendants; and

10. Defendants have refused to perform their contractual duty of offering Plaintiff a reasonable opportunity to recover the Rizzo Statue.

It is hereby **ORDERED** the Petition is **GRANTED** as follows:

1. Neither the City of Philadelphia nor Mayor James Kenney shall in anyway alter, damage, or destroy the Frank Rizzo Statue;

2. Defendants shall immediately make the Rizzo Statue's whereabouts known to the Plaintiff and make the Statue available for recovery within seven (7) business days of this Order.

**BY THE COURT:**

_____
, U.S.D.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANK L. RIZZO MONUMENT COMMITTEE,** : | |
| : | |
| *Plaintiffs,* : | |
| : | Civil Action No. 2:20-cv-03245 |
| v. : | |
| : | |
| **CITY OF PHILADELPHIA** : | |
| and : | |
| **MAYOR JAMES KENNEY** : | |
| : | |
| *Defendants.* : | |

**PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

Plaintiff, by its undersigned counsel, respectfully petitions this Court for an Order granting Temporary Restraints pursuant to Fed.R.Civ.P. 65(b) and Preliminary Injunction pursuant to Fed.R.Civ.P. 65(a), and in support thereof alleges as follows:

1. As set forth more fully in the verified Complaint, a copy of which is attached hereto as Exhibit 1, the Affidavit of Jody Della Barba, attached hereto as Exhibit 2, and the Affidavit of Frank Rizzo, Jr., attached hereto as Exhibit 3, Defendants have completely disregarded the Donation and Maintenance Agreement City Contract No. 99-6020 (the "Agreement"), between the City of Philadelphia and the Frank L. Rizzo Monument Committee ("Plaintiff" or "Provider"), executed on December 31, 1998, which governs the City's obligations to provide Plaintiff a reasonable opportunity to recover the Frank Rizzo Statue which the City recently removed from its location at the Municipal Services Building.

2. On July 1, 2020, Plaintiff filed a verified Complaint in Philadelphia Court of Common Pleas and caused a copy of the verified Complaint, with exhibits, and a Petition for

Special and Preliminary Injunction with affidavits and exhibits, to be served by hand delivery upon Defendants.

3. Later, on July 1, 2020, Plaintiff filed a Notice of Removal on federal question grounds.

4. Unless a Temporary Restraining Order is issued and Preliminary Injunction is granted, Plaintiff will suffer immediate and irreparable harm which cannot be compensated by damages by reason of Defendants:

    a. Completely disregarding Plaintiff's rights under the Agreement;

    b. Disregarding applicable law that governs the manner in which the Rizzo Statue should have been removed and returned to Plaintiff;

    c. Refusing to comply with the Agreement by offering Plaintiff a reasonable opportunity to recover the Statue once it had been removed from public display;

    d. Refusing to inform Plaintiff of the Statue's whereabouts and confirming the Statue would not be unilaterally destroyed; and

    e. Damaging or destroying the Statue, intentionally during its removal or by way of purposely neglecting it by leaving the Statue in an open flatbed truck in an unknown location.

5. Plaintiff has no adequate remedy at law.

6. Defendants will not suffer any appreciable injury if this Motion is granted because the status quo will be restored, and Defendants will merely be restrained from continuing to disregard the Agreement and law.

7. Defendants' wrongful conduct is actionable; the rights of Plaintiff are clear; and Plaintiff is likely to succeed on the merits of its claim.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court enter a Temporary Restraining Order, and after a hearing thereon, a Preliminary Injunction in the forms attached hereto.

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**

*/s/ George Bochetto*

Dated: July 2, 2020      By: _____

George Bochetto, Esquire
Attorney I.D. #27783
1524 Locust Street
Philadelphia, PA 19102
215.735.3900
gbochetto@bochettoandlentz.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANK L. RIZZO MONUMENT COMMITTEE,** : <br> : <br> *Plaintiffs,* : <br> : <br> v. : <br> : <br> **CITY OF PHILADELPHIA** : <br> and : <br> **MAYOR JAMES KENNEY** : <br> : <br> *Defendants.* : | Civil Action No. 2:20-cv-03245 |

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff, the Frank L. Rizzo Monument Committee, by and through undersigned counsel, Bochetto & Lentz, P.C., respectfully submits this Memorandum of Law in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction pursuant to Fed.R.Civ.P. 65(a) and (b):

**MATTER BEFORE THE COURT**

Defendants have removed the statue of former Mayor Frank L. Rizzo ("Rizzo Statue" or "Statue") from the steps of the Municipal Services Building at 1401 John F. Kennedy Boulevard in Philadelphia. The removal of the Statue was not conducted in accordance with the requirements set forth by the Philadelphia Art Commission regulations. Now, Defendants refuse to follow the Donation and Maintenance Agreement (the "Agreement") that stipulates the Frank L. Rizzo Monument Committee ("Plaintiff" or "Provider") should be offered a reasonable opportunity to recover the Statue once it has been removed from public display.

On June 15, 2020, Plaintiff sent a demand letter to Defendants requesting compliance with the Agreement. In response, the City stated that it does not intend to abide by the Agreement, but rather, the only plans the City has with regard to the Statue's future is to "maintain it in its current, secured location, consistent with the final paragraph of the Mayor's Order," which is at odds with the Agreement. *See* Donation and Maintenance Agreement ¶ 7, attached as **"Exhibit A"** to verified Complaint; *see also* June 15th letter, attached as **"Exhibit B"** to verified Complaint; *see also* June 24th response, attached as **"Exhibit C"** to verified Complaint.

Accordingly, this action is brought to compel the Defendants to act in accordance with all applicable law and the Agreement, which is necessary to prevent immediate and irreparable harm to Plaintiff. If injunctive relief is not granted, Plaintiff will incur significant harm since the unique sculpture of Frank L. Rizzo, which has immense sentimental value to Plaintiff, may be neglected, damaged or destroyed – a wrong that cannot be adequately compensated by damages.

## QUESTION PRESENTED

i. Whether this Court shall grant a temporary restraining order enjoining the Defendants from intentionally damaging or destroying the Statue and, after a hearing, grant a preliminary injunction requiring that Defendants offer Plaintiff a reasonable opportunity to recover the Statue?

**Suggested Answer: Yes.**

## FACTUAL BACKGROUND

The terms and conditions for the maintenance and disposition of the Rizzo Statute are governed by the Donation and Maintenance Agreement, City Contract No. 99-6020 (the "Agreement"), between the City of Philadelphia and the Frank L. Rizzo Monument Committee, executed on December 31, 1998. A true and correct copy of the Agreement is attached as **Exhibit "A"** to the verified Complaint.

2

On June 2, 2020, Mayor Kenney signed an Executive Order unilaterally authorizing the removal of the Rizzo Statue. Then, on June 3, 2020, the Statue was removed under cover of night, with no process or input from the public or approval from the Philadelphia Art Commission, as required by § 4-606(1)(e) of the Philadelphia Home Rule Charter.

The Philadelphia Home Rule Charter specifically requires the Art Commission to "[a]pprove the removal, relocation, or alteration of any existing work of art in the possession of the City." *Id.* Nonetheless, the Rizzo Statue was removed and possibly damaged or destroyed in the process.

On June 15, 2020, Plaintiff sent a letter inquiring about the Statue's condition and whereabouts. A true and correct copy of the June 15, 2020 Letter is attached as **Exhibit "B."** In response to Plaintiff's inquiry about the Statue's condition and whereabouts, the City sent a vague letter to Plaintiff's counsel that failed to provide Plaintiff with any substantive information about the Statue. *See* June 24th response, attached hereto as **"Exhibit C."**

Through this action, Plaintiff is seeking equitable relief in the nature of a Special and Preliminary Injunction. The basis for Plaintiffs' requested relief arises from the Agreement, which contains specific provisions mandating the City allow Plaintiff the opportunity to recover the Statue before the City destroys or otherwise disposes of it.

## LEGAL ARGUMENT

**I.  A temporary restraining order and plreminary injunction should be granted because it will prevent immediate and irreparable harm to Plaintiff and any harm to the Statue cannot be compensated by damages.**

Plaintiff is entitled to a temporary restraining order and preliminary injunction that preserves the *status quo* by enjoining the City of Philadelphia from intentionally damaging or destroying the Statue and from acting contrary to the Agreement and all applicable law. Pursuant

3

to Paragraph 7 of the Agreement, "the City agrees that it will not intentionally damage, alter, modify or change . . . the Work without prior written notice to the Provider." Exhibit A, Donation and Maintenance Agreement ¶ 7, Contract No. 99-6020 (Dec. 31, 1998).

The Agreement further provides that, so long as immediate destruction of the Statue is not necessary to protect the "health, safety or welfare of the public," or destruction of the Statue is not necessary by reason of a violation of federal, Commonwealth or local law, "the City shall provide the Provider at least six (6) months prior written notice before the Work [may be] destroyed by the City and shall afford the Provider the opportunity to recover the Work." *Id.* at ¶¶ 7(b)-7(c).

Notably, the Agreement also states: "**Except as set forth under Subparagraph 7c. above, if the City shall at any time decide … (ii) to dispose of the Work, it shall give notice to the Provider and offer the Provider a reasonable opportunity to recover the Work.**" *Id.* at ¶ 7(f).

The Rizzo Statue has been removed from public display and is now in an unknown location. The Statue's immediate destruction is not necessary to protect the health, safety or welfare of the public as stipulated by Subparagraph 7(c) of the Agreement. The City must therefore allow the Provider "a reasonable opportunity to recover the Work." *Id.*

On June 15, 2020, Plaintiff reminded Defendants of their obligations under the Agreement. *See* Ex. B, June 15th letter. On June 25, 2020, Defendants responded to the June 15th letter, denying Plaintiff's reasonable request for information and further failed to give Plaintiff any assurances that the Statue would not be destroyed. *See* Ex. C, June 24th response.

Of particular relevance to this action is the City's statements that "the Statue . . . is not available for inspection now or in the immediate future" and "[t]he City currently has no plans

with respect to the Statue's future except to maintain it in its current location." *Id.* These statements by the City are in direct contradiction with the Agreement because the Agreement requires that the City make the Statue available for recovery upon its removal from public display. Agmt. ¶ 7(f).

The Court should enter a restraining order and preliminary injunction to prevent the Statue from being damaged or destroyed and enjoin the City from acting contrary to the Agreement and all applicable law.

"A temporary restraining order is a 'stay put,' equitable remedy that has its essential purpose the preservation of the status quo while the merits of the cause are explored through litigation." *J.O. v. Orange Twp. Bd. of Educ.*, 287 F.3d 267, 273 (3d Cir. 2002). The standard for granting a TRO under Rule 65 is identical to the preliminary injunction standard. *See Pileggi v. Aichele*, 843 F. Supp. 2d 584, 592 (E.D. Pa. 2012) (Surrick, J.).

Each of the factors that Rule 65 requires the Court to weigh before granting injunctive relief support what Plaintiff requests:

   a. An injunction is necessary in this matter to prevent the immediate and irreparable harm that the City will cause by damaging or destroying the Statue. The Statue is a unique piece of art with immense sentimental value that cannot be properly compensated by money damages.

   b. Greater injury will result if this injunction is not granted since the Statue may be damaged or destroyed if the City is not enjoined and, the City's failure to abide by the Agreement and allow the Provider the opportunity to recover the Statue will result in significant and irreversible harm due to the City's neglect of the Statue. An injunction of this nature will not *substantially* harm the City or other

       interested parties. Divulging the location of the Statue and offering the Provider an opportunity to recover it will not cause undue hardship for the City since it would be at the cost of the Provider as stipulated in the Agreement. In fact, if an injunction is granted by the Court, the City would be relieved of the burden of securely storing and maintaining the condition of the Statue.

  c. A temporary restraining order and preliminary injunction would maintain the *status quo* as it existed prior to the alleged wrongful conduct because the City would then be in compliance with the Agreement and the Statue would be protected until the Provider can recover it.

  d. Plaintiff is likely to prevail on the merits because the Defendants are acting outside the bounds of the Agreement and must allow the Provider the opportunity to recover the Statue.

  e. By granting this injunction, the Court will abate the offending activity by requiring Defendants to disclose the Statue's whereabouts, prevent Defendants from damaging or destroying the Statue, and requiring that Defendants offer the Provider a reasonable opportunity to recover the Statue as required by the Agreement.

  f. A preliminary injunction will not adversely affect public interest because the Statue will be discretely recovered, transported and stored by the Provider.

The facts here overwhelmingly satisfy the requirements for this Court to grant a temporary restraining order to preserve the Statue until the Court can conduct a hearing on Plaintiff's request for a preliminary injunction that would provide Plaintiff with the right to recover the Statue in accordance with its rights under the Agreement.

## RELIEF REQUESTED

For all of the foregoing reasons, Plaintiff respectfully requests this Honorable Court enter a Temporary Restraining Order, enjoining Defendants from altering, damaging or destroying the Statue, and after a hearing, granting a preliminary injunction that requires Defendants to comply with the Agreement and offer the Provider a reasonable opportunity to recover the Statue.

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**

Date: July 2, 2020         BY:     */s/ George Bochetto*
                                   _____
                                   George Bochetto, Esquire
                                   Attorney I.D. #27783
                                   1524 Locust Street
                                   Philadelphia, PA 19102
                                   215.735.3900
                                   gbochetto@bochettoandlentz.com
                                       *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

    I, George Bochetto, Esquire, hereby certify that on this date a true and correct copy of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and Memorandum of Law were served upon Counsel for Defendants by way the Court's ECF System.

**Dated: July 2, 2020**

**BOCHETTO & LENTZ**

*George Bochetto*

George Bochetto, Esquire
*Attorney for Plaintiffs*